William J. Brennen v. Commissioner.
Brennen v. Commissioner
Docket No. 6403.
United States Tax Court
1945 Tax Ct. Memo LEXIS 5; 4 T.C.M. (CCH) 1140; T.C.M. (RIA) 45381; December 27, 1945
*5 Sidney B. Gambill, Esq., for the petitioner. Homer F. Benson, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: The respondent has determined a deficiency in petitioner's income tax for 1941 in the amount of $1,348.18. The deficiency is due entirely to the disallowance of a bad debt deduction which petitioner claimed in his return in the amount of $13,502.09. Findings of Fact Petitioner is a resident of Scottdale, Pennsylvania, and also has a home at Coral Gables, Florida. He filed his income tax return for 1941 with the collector of internal revenue for the twenty-third district of Pennsylvania, at Pittsburgh. The return was made, and petitioner kept his books, on a cash basis. Petitioner conducts a securities investment business on his own account. At intervals during 1939 and 1940 he made loans aggregating $13,502.09 to Windber Brewing Corporation. That company conducted a brewery business at Windber, Pa. The company became financially involved in 1939, due largely to labor troubles, and petitioner agreed to advance the necessary funds for it to continue operations. In consideration for the loans two of the principal stockholders *6 agreed to assign to petitioner about 40 percent of the corporation's stock if and when the corporate debts were all paid. Petitioner issued his personal checks to the corporation from time to time during 1939 and 1940 as the funds were needed and received promissory notes of the corporation for the amounts advanced. As security for the loans petitioner received bills of sale for certain machinery and equipment in the plant. There were six such bills of sale issued in 1939 in the aggregate face amount of $6,440. Petitioner received no other security for any of the loans. He was advised at the time by his attorney that the bills of sale were of doubtful validity because of large outstanding judgments against the corporation. Under his agreement with the stockholders petitioner was permitted to direct the affairs of the corporation after he began extending the financial aid. Petitioner knew nothing about the brewery business and had no other brewery interests. The corporation failed and was adjudged a bankrupt on December 13, 1940. On February 20, 1941, the petitioner filed proof of claim against the bankrupt for $10,302.09 alleging therein that his advances to the corporation had *7 amounted to $13,502.09 but giving the corporation a credit for $3,200 represented by two bills of sale above referred to, leaving a balance due of $10,302.09. On April 8, 1941, the petitioner filed a "Petition For Reclamation" of the property covered by the two bills of sale above referred to and on December 26, 1941, an order was entered by the court directing that the machinery and equipment covered by the two bills of sale be turned over to petitioner as his property. Petitioner sold about one-half of such machinery and equipment in 1942 and 1943 for approximately $1,500. The remainder is unsalable and worthless. The parties have stipulated that after December 31, 1941 "no amount was received by or was available to Petitioner on his debts [of the Windber Brewing Corporation] subsequent to 1941." In his income tax return for 1941 petitioner claimed the deduction of $13,502.09 as a bad debt owed to him by the Windber Brewing Corporation. The respondent disallowed the deduction in its entirety. In an amended petition filed in this proceeding petitioner alleges that the respondent erred in disallowing $10,302.09 of the deduction claimed in the return. Opinion Section 23 (k), Internal Revenue Code *8 , provides that: SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * * * *
(k) Bad Debts. - (1) General Rule. - Debts which became worthless within the taxable year; or (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. * * * Our sole question is whether the debt which the Windber Brewing Corporation owed to the petitioner on account of the moneys advanced for operational purposes in 1939 and 1940 became worthless to the extent of $10,302.09 in 1941. We are satisfied from the evidence that petitioner intended the advances as loans to the corporation and that the bills of sale to certain of the assets were acquired by him merely as security for the loans. The fact that petitioner had an agreement with the stockholders under which he hoped to acquire an interest in the business, as well as the return of his loans, did not affect the nature of the indebtedness. It will be noted that the statute *9 permits the deduction from gross income of "debts which become worthless within the taxable year." We think that it is plain from the evidence in this case that the debts of the petitioner against the Windber Brewing Corporation did not become worthless in their entirety in 1940. The petitioner was secured by collateral. It was not until 1941 that any determination of worthlessness could be made. The collateral which the petitioner recovered as a result of the decision of the court in 1941 was not in excess of $3,200. The balance of the debts in the amount of $10,302.09 became worthless in 1941 and is a legal deduction from the gross income of that year. Decision will be entered under Rule 50.